BUCKEYE COTTON OIL CO. *v.* McMORRIS.

(Division A.   Jan. 21, 1935.)

[158 So. 799.   No. 31482.]

Watkins & Eager, of Jackson, for appellant.

Howie & Howie, of Jackson, for appellee.

Argued orally by **Tom Watkins** and **W. H. Watkins, Jr.,** for appellant, and by **Joseph Howie,** for appellee.

**Cook, J.,** delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of the First judicial district of Hinds county awarding the appellee damages for personal injuries alleged to have been sustained by him as a result of the negligent failure of the appellant to furnish him a reasonably safe place to work.

The declaration alleged that the appellee was employed by the appellant to work under the direction and supervision of a foreman of its plant; that at the time he was injured by being struck in the eye by a cake of cottonseed meal, he was engaged in loading sacks of cottonseed

meal onto a truck; and that the injury was the result of the negligent manner in which the sacks of meal were stacked in the wareroom from which they were being removed.

To this declaration the appellant interposed a plea of the general issue, and gave notice thereunder that it would offer evidence to show that the appellee had not been injured in the manner alleged, but if so, that it was not the result of any negligence on the part of the appellant, but was the result solely of the negligence of the appellee or his fellow servant.

After the trial of the cause in the court below and before the stenographic transcript of the evidence had been prepared, both the trial judge and the stenographer who took the stenographic notes of the evidence died. Thereafter a purported bill of exceptions was prepared, setting forth all the matters of record in the cause, and the substance of the testimony of each witness. This bill of exceptions was verified by the oath of the two counsel of record who conducted the trial in the court below. Counsel for the appellee did not challenge the validity of this purported bill of exceptions, or the right of appellant to perfect its appeal in this manner, but filed a counter-affidavit setting forth their version of the testimony of the appellee himself, which in some respects differs from that set forth in the affidavit of counsel for the appellant. The result is that we are unable to determine the real facts in reference to the points in dispute between counsel, but in view of the fact that we have reached the conclusion that upon the appellee's version of the testimony in the court below the appellant was entitled to the peremptory instruction requested by it at the conclusion of all the evidence, we will dispose of the cause on the theory that the counter-affidavit correctly states appellee's testimony. In so doing, however, we should not be understood as expressing any opinion as

to the validity or the invalidity of the bill of exceptions filed herein.

The appellee offered no witness other than himself, to show the circumstances under which his alleged injury was received. His testimony upon this point, as set forth in the affidavit of his counsel, was as follows: "That on the day mentioned that he was injured he was working with a crew of five or six; that one Son Thompson was helping him load the sacks onto a truck for the other members of the crew to carry to the box car. That he and Son Thompson had been carrying this work on for some time, getting the sacks from the floor of the black-house where the said stacks of sacks had been torn down. That during the course of his employment and during the time he was loading the sacks, one sack of meal fell from somewhere near the top of the stack, which said stacks were approximately twenty feet high and hit the floor close to him and the sack burst open when it hit the floor and caused a piece of the meal cake to fly up and strike him in the eye. That the said piece of meal cake was part of the contents of the sacks, said cakes being ground to make meal which was sacked."

As to the testimony of the appellant's several witnesses, counsel for the appellee agree that the bill of exceptions is substantially correct. Appellant offered two witnesses who testified that they had inspected the sacks in the wareroom, known as the "blackhouse," and that they were stacked in the proper and usual manner.

Son Thompson, who was assisting the appellee in doing the work at the time of his alleged injury, testified that the appellee helped him unstack the sacks of meal; that the usual way to unstack sacks of meal was to pull several sacks from the middle of a stack and cause it to fall; that shortly before the sack fell, the appellee had been on top of the stacks throwing sacks down, and that at the time appellee was injured a sack fell between the witness and the appellee and burst. The appellee denied that he had

been, at any time, on top of the stacks of meal for the purpose of throwing sacks down.

It seems apparent from the foregoing statement of the only evidence bearing upon the manner in which the appellee received his injury, and the conditions at the place he was required to work, that no negligence on the part of the appellant was proved, and the court below instructed the jury that no negligence other than the presumption of negligence created by the falling of the sack had been shown. The court also granted the appellee an instruction embodying the doctrine of res ipsa loquitur, and it is argued that, under the circumstances shown, the jury was warranted in finding that "the accident presumably would not have happened if due care had been exercised." Assuming for the purpose of this decision that the maxim of res ipsa loquitur applies under the facts here shown, and that appellee by the aid of the presumption of negligence arising thereunder has made a prima facie case, we think the appellant has met the burden thereby imposed upon it, by showing that it exercised reasonable care in the stacking of the sacks of meal. The proof is undisputed that at the time the accident happened the appellee and his fellow worker were engaged in work which required the tearing down of the stacks, and that the stacks were torn down by them. Appellee's testimony, as set forth in the affidavit of his counsel, does not cover the point last above stated further than to say that at the time of the accident he and Son Thompson were "getting the sacks from the floor of the blackhouse where the said stacks of sacks had been torn down;" while Son Thompson's testimony was that the appellee helped him, the witness, unstack the sacks of meal, and that the usual way to unstack them was to pull several sacks from the middle of the stack and cause it to fall. From this evidence, we think the conclusion necessarily follows that the sack which fell was loosened and caused to fall by the acts of the appellee and his co-

worker in tearing down the stacks, and not as a result of any negligence in the stacking. Therefore we conclude that the peremptory instruction requested by the appellant should have been granted, and the judgment of the court below will be reversed and judgment entered here for the appellant.

Reversed, and judgment for appellant.